## S00Y0402. IN THE MATTER OF FRANK TURNER BELL.
(539 SE2d 806)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Frank Turner Bell alleging violations of Standards 3 (illegal professional conduct involving moral turpitude); 4 (professional conduct involving fraud, dishonesty, deceit, or wilful misrepresentation); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 45 (knowingly engaging in conduct contrary to a disciplinary rule); 61 (failure to promptly notify a client of the receipt of client funds, securities or other properties and to promptly deliver such funds to the client); 63 (failure to maintain complete records of client funds and to promptly render appropriate accounts regarding the funds to the client); and 65 (commingling client's funds with lawyer's own funds and failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). Bell was personally served with the Notice pursuant to Bar Rule 4-203.1 (b) (3) (i) but failed to file a Notice of Rejection within 30 days as provided in Bar Rule 4-208.3. Accordingly, Bell is in default, has no right to an evidentiary hearing and is subject to discipline by this Court. Bar Rule 4-208.1. The Investigative Panel and State Bar recommend that Bell be disbarred as an appropriate sanction for his violations of the disciplinary standards. We agree.

Bell acted as the closing attorney for the sale of real estate located in Miller County, Georgia. Pursuant to the terms of the con-

---

[11] Op. at 194.

tract, the prospective purchaser gave Bell a check for $5,000, which check was to serve as "Earnest Money" for the sale. Although the contract provided that Bell was to hold the purchaser's check uncashed until closing, Bell negotiated the earnest money check. For reasons not relevant to this proceeding, the sale never occurred. Subsequently, on June 18, 1999, Bell issued a check from his attorney escrow account in the amount of $5,000 to the prospective purchaser as a "contract refund." This check, however, was returned for insufficient funds. Thereafter, Bell failed and refused to account for the original $5,000 earnest money check; failed and refused to account for any of the proceeds derived from the original check; and failed and refused to return any portion of the $5,000. Instead, Bell converted the $5,000 in proceeds derived from the earnest money check for his personal use.

The State Bar noted as a factor in aggravation that Bell has substantial experience in the practice of law, having been a member of the State Bar since 1987. In mitigation, however, Bell has received no prior discipline. We agree with the State Bar that disbarment is warranted as a result of Bell's violations of Standards 3, 4, 44, 45, 61, 63 and 65 of Bar Rule 4-102 (d). Accordingly, Bell is hereby disbarred from the practice of law in the State of Georgia. Pursuant to Bar Rule 4-219 (c), Bell shall immediately cease the practice of law in Georgia and shall within 30 days, notify all clients of his inability to represent them and of the necessity for promptly retaining new counsel, and shall take all actions necessary to protect the interests of his clients. Bell is further reminded of his duty to certify to this Court within 45 days of the entry of this order that he has satisfied the requirements of Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 30, 2000.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.